## Ike Goldberg, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 17,694.

1. MUNICIPAL CORPORATIONS—*failure to guard bridge.* In an action for the loss of a team of horses and load of produce caused through negligence of defendants in not guarding the approach to a bridge when it was open, the questions as to whether defendant was guilty of negligence or plaintiff guilty of contributory negligence were properly submitted to the jury.

2. APPEALS AND ERRORS—*duty of court to reverse.* It is the duty of a court of review to reverse a judgment where it appears that the verdict of the jury is against the manifest weight of the evidence.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 17, 1912.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for plaintiff in error; DAVID R. LEVY, of counsel.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; WALTER BACHRACK and OSCAR BLUMENTHAL, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is a suit for damages alleged to have been sustained by the plaintiff in the loss of a team of horses, a wagon and harness and a quantity of produce, through the negligence of the defendant. The negligence charged is that the defendant failed to use reasonable care and diligence in having the east approach of the Twelfth street bridge over the Chicago river properly lighted and safely guarded by means of chains or otherwise, and failed to have a suitable watchman to prevent persons intending to cross the bridge from being precipitated into the river, when

Goldberg v. City of Chicago, 175 Ill. App. 600.

the bridge should be open to permit the passage of boats and vessels in the river, whereby the horses were drowned, and the wagon, harness, etc., "damaged and destroyed and rendered worthless." There was a trial of the case before the court and a jury. The verdict of the jury was for the plaintiff and damages assessed in the sum of $725. From a judgment rendered upon such verdict this writ of error has been taken.

We are asked to reverse the judgment on the ground that the verdict was against the weight of the evidence; that there was no proof of the lack of contributory negligence on the part of the plaintiff; that therefore the trial court erred in not directing a verdict in favor of the defendant as requested.

The driver was not the plaintiff himself, but an employee of the plaintiff.

The decision of the case turns upon questions of fact. We have carefully read the record, briefs and arguments in the case, and are unable to say that the defendant was not guilty of negligence, or that the plaintiff's agent was guilty of contributory negligence. These questions were submitted to the jury, and, we think, properly. The power of this court to reverse the judgment of a trial court and enter a judgment here, in a case like the one before us, is indisputable, and such is its duty, provided it appear that the verdict of the jury is against the manifest weight of the evidence. We are unable to reach this conclusion, and the judgment will therefore be affirmed.

*Affirmed.*